IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:09-CR-548 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MARK CAMPANO, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| Defendant. | ) | MEMORANDUM |

I.  Background and Circumstances of the Offense.

On September 3, 2010, the Defendant, Mark Campano, entered a guilty plea to the sole count of his indictment; Receiving and Possessing Firearms Not Registered in the National Firearm Registration and Record.

A presentence investigation was conducted in this case and sentencing is set for November 19, 2010. Pursuant to the terms of the plea agreement, Campano pleaded guilty to the indictment without a specific agreement to the sentencing range or the particular sentence to be imposed. The Defendant and the Government did agree to an advisory guideline computation with a base offense level of 18; an increase of 6 levels pursuant to 2K2.1(6)(1)(C), and an

increase of 2 levels pursuant to 2K2.1(6)(3)(B) for a total of 26. A 3 level reduction for acceptance of responsibility is agreed to be recognized by the Government for a total adjusted offense level of 23.

The Government and the Defendant acknowledged that Campano has no criminal history either as a juvenile or adult, which would impact his sentence.

II.     Personal History of Mark Campano.

Mark Campano was born on August 30, 1953, in Akron, Ohio as the second son of Daniel and Rosemary Campano. He has described his family as very dysfunctional and involving great tension between his older, controlling, father and his much younger strong-willed mother. In the pre-sentence report interview, Campano described both parents as being verbally abusive to each other, and also directing such maltreatment toward himself and his older brother, David Campano. Additionally, Mark Campano reported his older brother as being physically abusive towards him, although his parents were not.

As a child, Campano assumed the role of a mediator and often attempted to resolve the differences within his family. He took on the mantle of a "hero child" who tried to do what was right, and encourage family harmony.

As early as the age of 9, he struggled with childhood depression. By age 14, he was diagnosed with major depression, and attempted suicide at age 17. In 1971, shortly before his 18th birthday, Campano graduated from Field High School in Portage County, Ohio. Thereafter, he attended college at Kent State University and applied himself to his academic studies.

Although Campano had rarely consumed alcohol as a teen, during his years at college he began to drink more, and recognized he had an alcohol problem.

After graduating from Kent State University in 1975, Campano pursued graduate courses in biochemistry at the University of Georgia. He left that program in 1978 when he was accepted into medical school at Wright State University. He graduated from medical school in 1982, became licensed in the state of Ohio, and obtained residency work at different hospitals.

During his years as a student, and later as a practicing medical doctor, Campano utilized numerous available substances to self medicate his psychological condition.

As a young adult, Campano had used alcohol. As a physician, Campano had access to pharmaceutical medications by virtue of his profession.

His medical license was revoked both in Ohio and West Virginia, due to his substance abuse and habit of self medicating.

III.    Other History of Mark Campano.

As referenced above, Mark Campano is the second son of Daniel Campano and Rosemary Campano. His older brother, David Campano, who is disabled, resides with their mother in Portage County, Ohio.

Campano has never been married although he has been involved in different relationships which ended short of matrimony. Daniel Campano, the Defendant's father, died from colon cancer in 1982.

Campano benefitted from substantive income during his years as a physician, yet always maintained a modest life style and lived frugally. As much as he has been able, Campano has been generous to his mother and brother, and contributed his resources to them in order that they

might enjoy a better living standard. He has gifted them with automobiles, household items, house improvements, and money.

Similarly, Campano has been generous to different churches and charities throughout his life. His mother, Rosemary, has obtained a letter from the International Children's Fund, indicating that he has given in excess of $15,189 to this benevolent organization since 1979. Pastor Allen Richardson of The Chapel, a church in Akron, Ohio, has written a letter on Campano's behalf.

Campano's decision to become a medical doctor originated out of a desire to do good and serve others. He understands that this career choice was noble, but in view of his own emotional health, he now acknowledges that it may not have been the best path to follow.

Campano recognizes as well that his deeply held religious beliefs and mental health issues have created within him much turmoil and conflict. Campano has confessed that his actions which gave rise to this case, originated out of paranoia about Muslim extremists, nuclear war, and Armageddon fantasies.

At this time, Compano has been incarcerated for more than a year. The restrictive setting, medication regimen, and psychological treatment has been regulated and in some respects beneficial. Campano is aware that his emotional health and decision making ability is better than it has been in years. He knows that strictly disciplined mental treatment must forever remain an integral part of his life.

As a former physician, Campano possesses special insight into the medical issues relating to his own mental health. Strict adherence to all requirements of mental health counseling and medication therapy must be followed.

During the time that Compano has been incarcerated, he has undergone two separate mental health examinations. The examinations by the staff of the Federal Bureau of Prisons and by Dr. Robert L. Byrnes, presented diagnoses of multiple psychological disorders. Campano acknowledges that despite his medical training, he is incapable of monitoring his own mental health problems.

IV.   Sentencing Consideration

Under the authority of United States v. Booker, 543 U.S. 220 (2005), and Gall v. United States, 128 S. Ct. 586, 595-597 (2007), the Federal Sentencing Guidelines are now advisory in nature only, and District Courts are to use their broad discretion in sentencing, first calculating the applicable guidelines range and then considering 18 U.S.C. * 3553(a) factors in reaching sentencing decisions. Under these standards, each case is to be individually considered.

18 U.S.C. * 3553(a) states:

(a)   **Factors to be considered in imposing a sentence.** - The Court shall impose a sentence, sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed -

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)   to afford adequate deterrence to criminal conduct;
    (C)   to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for -

      (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines -

          (i)    issues by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28;) and

          (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

      (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issues by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)    any pertained policy statement...issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentencing disparities...; and

(7)    the need to provide restitution to any victims of the offense.

As set forth in Paragraph 21 through 32 of the Presentence Report, the adjusted offense level in this case is 23.

Pursuant to the Plea agreement terms, the Government and the Defendant may recommend such sentence as each party feels appropriate.

18 U.S.C. * 3553(a) factors include "...the nature and circumstances of the offense and the history and characteristics of the defendant." * 3553(a)(1). these have been discussed above.

Various factors are included in * 3553(a)(2). * 3553(a)(2)(A) includes, the need for the sentence imposed - "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Mark Campano has pleaded guilty to the sole count charged in his indictment. He acknowledges that he faces the possibility of years of imprisonment. He has lost two fingers on his left hand, been incarcerated for approximately one year, and has fallen to about the lowest level humanly possible.

18 U.S.C. * 3553(a)(2)(B) relates to the need for the sentence imposed to "...afford adequate deterrence to criminal conduct." Campano has brought embarrassment and humiliation to his family and himself as a result of his own actions. Having been imprisoned for a year, the conditions and circumstances of such surroundings have aged him and demonstrated a lesson in deterrence.

18 U.S.C. * 3553(a)(2)(C) relates to protecting the public from further crimes. This sentencing objective has been achieved. Issues of mental health greatly contributed to the conduct giving rise to Campano's criminal behavior. Campano has accepted responsibility, made restitution, and is prepared to follow all requirements of this Court. In view of his Criminal History of Category I, and his age of 57, nothing indicates that he will again be involved with the legal system.

18 U.S.C. * 3553(a)(2)(D) involves the need for the sentence imposed - "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."Campano is highly educated, but capable of using his

experience for personal re-training and assisting others in society. His history reveals a life of caring for others.

V. Conclusion

It is submitted that continued mental health treatment will be the most beneficial course for Mark Campano. It is requested that this Court may structure a sentence which allows treatment and minimizes the length of any imprisonment.

Mark Campano has been afflicted by mental illness for much of his life. From a young age he has struggled with depression and other psychological diagnoses. Information about his mental health history has been provided to this Court in earlier medical reports.

Mark Campano is 57 years old and has lived a life relatively free of involvement with the law. He has been generous to family and society.

It is requested that a variance from the sentencing guidelines be granted to him. This could involve continued mental health treatment at an appropriate facility, and transitional adjustment back to society. Due to his mental health issues, Mark Campano has gone from being a respected member of the medical profession to becoming an imprisoned felon.

He has accepted responsibility for his actions, and now seeks to begin the process of returning to his mother, brother, and society.

/s/ Donald R. Hicks
Donald R. Hicks #0034221
Emershaw, Mushkat & Schneier
Attorney for Defendant
120 E. Mill Street, Suite 437
Akron, Ohio 44308
(330) 376-5756

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2010, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filling will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Donald R. Hicks
DONALD R. HICKS #0034221
Attorney for Defendant